THE STATE
v.
BREWER.

---

## THE STATE *v.* BREWER.

Indictment for malicious trespass. Verdict as follows : " We the jury find the defendant guilty in manner and form as charged in the indictment, and assess his fine at twelve dollars and two days' imprisonment in the county jail." The prosecuting attorney remitted the imprisonment except six hours, and judgment was rendered against the defendant for twelve dollars, and that he be imprisoned six hours, and pay the costs. *Held*, that the prosecuting attorney had no authority to enter the *remittitur*. *Held*, also, that the judgment though erroneous for not agreeing with the verdict, could not be reversed on a writ of error brought by the state. ·

ERROR to the *Wells* Circuit Court.

Thursday, January 4, 1844.

BLACKFORD, J.—Indictment for malicious trespass. Plea, not guilty. Verdict as follows: " We the jury find the defendant guilty in manner and form as charged in the indictment, and assess his fine at twelve dollars and two days' imprisonment in the county jail." Motions for a new trial and in arrest of judgment were made by the defendant and overruled. The following entry appears afterwards of record : " And the said prosecuting attorney here remits all the imprisonment in this behalf except six hours. It is therefore considered by the Court, that the said state of *Indiana* do have and recover against the said defendant the said sum of twelve dollars, and be imprisoned for the space of six hours, that he pay costs," &c.

The prosecuting attorney had no authority to enter any remission in this case, and the judgment not agreeing with the verdict is no doubt erroneous. But still the judgment cannot be reversed on a writ of error brought by the state. The defendant has been tried upon a good indictment, and a verdict and judgment have been rendered against him. If the judgment could be reversed at the instance of the state, the defendant would be in danger of having another judgment in the cause rendered against him, and be thus put in

Nov. Term, 1843.

jeopardy a second time for the same offence. . The constitution forbids such a proceeding. Ind. Const. Art. 1. sect. 13.

*W. H. Coombs*, for the state.

*T. Johnson*, for the defendant.