## GOLDEN *v.* THE STATE.

CRIMINAL LAW.—*Corrupt Agreement.*—Where two or more informations are pending against the same person for unlawful sales of intoxicating liquors, an agreement between the defendant and the prosecuting attorney, that if the defendant will plead guilty to one of the informations, the fine shall only be of a certain amount, and the other information shall be dismissed, and the defendant's permit shall not be forfeited, is a corrupt agreement, and the defendant who is misled by thus corruptly purchasing his indulgence, is not entitled to relief.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn*, for appellant.

*C. A. Buskirk*, Attorney General, *W. C. Glasgow*, Prosecuting Attorney, and *J. A. Simmons*, for the State.

BIDDLE, J.—Prosecution by the State against the appellant, by affidavit and information, for selling intoxicating liquor to a minor. Motion to quash overruled; exception; plea, guilty; fine.

The appellant afterward appeared in open court and filed the following affidavit:

"Elza Golden, being duly sworn, upon oath says, that he is the defendant in the above entitled cause; that on the 25th day of April, 1874, one John M. Vanfleet, who was then and there deputy prosecuting attorney for Wesley C. Glasgow, the prosecuting attorney of the thirty-fourth judicial circuit of Indiana, of, in, and for the township of Concord, Elkhart county, Indiana, the same being within said thirty-fourth judicial circuit, filed in the office of the clerk of this court an affidavit and information, charging this defendant with having unlawfully sold, bartered, and given to one Charles E. Jessup, a minor under the age of twenty-one years, one glass of intoxicating liquor, to be drunk at and in the house where sold, in violation of law, and which said affidavit and information are attached hereto and made a part hereof, and marked 'A' and 'B' respectively; that a warrant was duly issued on said affidavit and information, on said day, by the clerk of this court, and duly served on this defendant by John W. Egbert, sheriff of this county and of this court, and by means of which this defendant was brought before this court under arrest, and compelled to give bail for his appearance herein from day to day; that said cause was regularly placed on the trial docket of this court for trial, and numbered on the criminal docket of this court 83; that while so on the docket of said court and pending herein, to wit, on the 6th of May, 1874, the said John M. Vanfleet, who was then and there acting as an officer of this court, and recognized as such by the court, and permitted to prosecute the pleas of the State in said cause, in said court, by the judge of said court, stated, and represented, and affirmed to this affiant that if affiant would plead guilty in said cause, the fine should only be ten dollars and costs, and that he, the said Vanfleet, would dismiss and enter a *nolle prosequi*

in other similar prosecutions then pending in said court against affiant, for another alleged violation of the liquor law, viz., cause 84 on the criminal docket of this court, and also dismiss another similar cause against Sylvester W. Shumard, then pending in said court, viz., cause numbered 85 on the criminal docket of this court; and said Vanfleet further represented then and there to affiant that such plea of guilty in said cause would not invalidate or forfeit affiant's permit to sell intoxicating liquors, which had theretofore been duly granted to affiant, and that he, said Vanfleet, would give affiant his word and honor that his said permit would not be forfeited, and that affiant should not be disturbed in his business of selling intoxicating liquors under said permit until a judgment of forfeiture should be regularly obtained, which could not be done until the next term of the court in September next, and upon an action regularly instituted against affiant for that purpose; that affiant being ignorant of the law in this respect, and believing that said Vanfleet knew and correctly stated the law to him, and fully relying upon such belief and upon said Vanfleet's words, so pledged, that affiant should not be disturbed in his said business, consented to and did thereafter plead guilty in said first-named cause, and submit to a judgment of ten dollars and costs therein against him, and did pay to said Vanfleet his fee as prosecuting attorney, viz., five dollars, and also the other costs taxed in said other cause, number 84, and so dismissed, amounting in all to twelve dollars and fifty cents, which said Vanfleet received; and affiant further says, that he was not and is not guilty of the offence charged against him in said information and affidavit filed in said cause number 83; that he did not so sell any intoxicating liquor to said Charles E. Jessup in violation of law as therein charged, but that he so pleaded guilty in said causes solely for the reason that he believed the cost to him, in time and money expended, would be greater to defend said causes, than to plead guilty and pay said judgment, and because of such statements so made by said Vanfleet; that afterward, viz., on the 13th of May, 1874, the said Vanfleet

Golden *v.* The State.

formally notified affiant by letter that if affiant sold any more intoxicating liquor, he, Vanfleet, as such prosecuting attorney, would prosecute affiant for all such sales, as for selling intoxicating liquor without a permit, and that said affiant should be so prosecuted, and his place of business should and would be abated as a nuisance by reason of such sales; and affiant further says, that he had theretofore duly obtained a permit to sell intoxicating liquor at his said place of business, and had then, and yet has, a large sum of money invested in said business on the faith of such permit, and relying thereon for authority to continue such business; that he would not so have pleaded guilty in said cause but for said representations and inducements so made and held out by said Vanfleet, and that he will be greatly injured in loss of time, expenses, defence, and otherwise, if said Vanfleet so prosecutes him as he threatens to do; and that to avoid such prosecution, affiant believes he will be compelled to close his said place of business, to his great injury and damage, unless the judgment in this cause, number 83, be set aside, and he be allowed to defend said cause. ELZA GOLDEN.

"Subscribed and sworn to before me, this 3d day of June, 1874. LAPORT HEFNER, Clerk."

The affidavit of Sylvester W. Shumard was also filed in support of the appellant's affidavit. Upon these affidavits, the appellant moved the court to set aside the judgment and allow him to plead not guilty to the information. The court denied his motion; he excepted, and appeals to this court.

The appellant, having shown us by his own affidavit that he accepted a corrupt proposition and corruptly purchased his indulgence, is not entitled to relief.

The judgment is affirmed.