## MAHONEY v. STATE OF INDIANA.

[No. 24,838. Filed November 19, 1925. Rehearing denied February 26, 1926.]

1. CRIMINAL LAW.—*Supreme Court will not disturb decision of trial court based on conflicting evidence.*—Where there was a conflict in the evidence which made it necessary for the trial court to weigh the evidence presented, the Supreme Court will not disturb the ruling of the trial court. p. 340.

2. CRIMINAL LAW.—*Application to withdraw plea of guilty is addressed to the sound judicial discretion of trial court.*—An application for leave to withdraw a plea of guilty and to go to trial is addressed to the sound judicial discretion of the trial court, but such discretion must be guided by law. p. 340.

3. CRIMINAL LAW.—*The only pleas in bar recognized in this state are not guilty, former acquittal and former conviction, nolo contendere not being recognized.*—In this state the only pleas in bar that are recognized are not guilty, former acquittal and former conviction, the plea of *nolo contendere,* which is in the nature of a conditional plea of guilty, not being recognized. p. 341.

4. CRIMINAL LAW.—*Court is not bound by agreement between prosecuting attorney and defendant's counsel that former will use his influence to have sentence suspended.*—On a plea of guilty by one charged with a crime, the court is not bound by an agreement between the prosecuting attorney and defendant's counsel that the former will use his influence with the court to get the sentence suspended. p. 341.

5. CRIMINAL LAW.—*Statements in affidavit in support of application to be allowed to withdraw plea of guilty held not to show accused to be innocent of crime charged.*—Statements in an affidavit on which an application for leave to withdraw a plea of guilty was based *held* insufficient to establish accused's innocence of the crime charged, taking into consideration the other statements therein. p. 343.

6. CRIMINAL LAW.—*Judgment on a plea of guilty should not be set aside merely because the judgment was more drastic than accused had hoped for.*—A judgment on a plea of guilty should not be set aside merely because the accused was disappointed in the judgment rendered, it being more drastic than he had hoped would follow the plea of guilty. p. 344.

7. CRIMINAL LAW.—*In prosecution for a misdemeanor, arraignment may be made in absence of accused if he is represented by an attorney.*—In a prosecution for a misdemeanor, the arraignment of an accused may be had in his absence if he is

represented by an attorney and a plea of guilty made by his attorney, by his direction, is binding upon him (*Southerland v. State*, 176 Ind. 493, 495, on the subject of arraignment, declared to be *dictum*). p. 344.

8. CRIMINAL LAW.—*Waiver of arraignment and plea of guilty entered by accused's attorney, in his absence, but by his direction, confirmed by his appearance for sentence a week later without objection or change of plea.*—Waiver of arraignment and plea of guilty entered by accused's attorney, in his absence, but by his direction, was confirmed by his appearance for sentence a week after the arraignment, and, without objection or change of plea, acquiescing in the judgment of the court. p. 344.

From Wabash Circuit Court; *Frank O. Switzer*, Judge.

Jessie Mahoney was convicted of operating a motor vehicle while in an intoxicated condition, and she appeals. *Affirmed.*

*D. F. Brooks,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

TRAVIS, J.—This appeal presents the question of the abuse of judicial discretion as alleged in the error assigned, that: "The court erred in overruling appellant's motion and petition to set aside the judgment and to permit her to withdraw her plea of guilty." Appellant was charged by an affidavit with unlawfully operating a motor vehicle while in an intoxicated condition. Acts 1923 p. 328.

The record discloses that appellant was arrested September 20, 1924, at which time she gave a recognizance bond for her appearance to such charge on September 22, 1924, and from day to day thereafter, until said cause is finally determined; and that, on October 7, 1924, appellant's attorney, together with the prosecuting attorney, in open court, waived arraignment for the defendant and entered her plea of guilty to the crime

as charged, at which time the court fixed October 14, 1924, as the day for the sentence of appellant. On said October 14, 1924, the defendant appeared in person and by her attorney in open court, and the court entered its finding that: "The court now finds said defendant guilty of the crime charged, namely, 'operating a motor vehicle while intoxicated,'" and thereafter entered judgment and made her fine in the sum of $100 and that she be sentenced to the county jail for a period of twenty-five days, with costs. The entry of judgment was on said October 14, immediately followed by appellant's motion supported by affidavit to set aside the judgment and to permit her to withdraw her plea of guilty, which after hearing and consideration by the court, was overruled.

The foundation for the ruling of the trial court in overruling appellant's said motion, and the decision upon appeal, is best disclosed by appellant's own affidavit in support of her motion, which is fortified by the affidavit made by her attorney, practically in the same language. She says that she is a resident of Churubusco in Whitley county, Indiana, and was, on September 20, 1924, personally acquainted with no one in Wabash county, Indiana, on the day that she was arrested; and that she employed as her attorney D. F. Brooks, Esq., because her husband was acquainted with him; that subsequent to the time of such employment, she discussed the charge with her attorney, and that in the discussion concerning what course to pursue in said cause, she was advised by her said attorney that if she would enter a plea of guilty to the charge, that, although the law prescribed in addition to a fine for such offense a jail sentence, that the same would be suspended, and she was assured that the same would be suspended upon such representations; and, upon the

advice of her said attorney, she agreed that he might
enter a plea of guilty for her, and that said plea of
guilty was entered for her by her attorney in her ab-
sence, but that had she known or had reason to believe
that the jail sentence provided for by law would not
be suspended, she would not have pleaded guilty, for the
reason that she was not guilty of the charge, and that
she was misled into pleading guilty; and further, that
if she had not been misled as aforesaid, she would have
had present witnesses to testify that she had never
been in trouble before, was not addicted to becoming
intoxicated, and that, when she was arrested, she was
driving carefully and properly, and that no harm re-
sulted from her driving, and that she was fully able
to drive at the time without harming any other per-
son; and that she is and always has been a woman of
high character and high standing in the community in
which she lives; but that she had not called such wit-
nesses because she was misled as aforesaid. The affi-
davit of her attorney D. F. Brooks, Esq., in addition
to making practically the same statement, said that he
had had conferences with the prosecuting attorney, the
prohibition agent, and the sheriff of Wabash county,
in which conferences, he was led to believe by all of these
persons that if the defendant in this case would plead
guilty to the offense as charged, they would use their
influence to have the jail sentence, as provided by law,
suspended; and that, upon such representations being
made to him, with the belief that they would use their
influence to have the jail sentence suspended, he ad-
vised the defendant to plead guilty, and for no other
reason; and that, because of such representations by
the prosecuting attorney, prohibition agent and sheriff,
he had not caused any witnesses to be brought to testify
to the defendant's former good character and high
standing, and that had he known that there was any

question about the suspension of the sentence, he would not have authorized or directed the defendant to plead guilty, and would not have entered the plea for her as was done, but would have gone to trial and would have called her neighbors and friends to show that she is and was a woman of good character, never arrested before, and never in trouble, and that, by reason of being so misled, he did not do his duty to his client. The counter affidavit of the prosecuting attorney was filed, which admitted having had several conferences with defendant's attorney, D. F. Brooks, Esq., together with the sheriff and federal prohibition agent, which conferences primarily concerned another case against this defendant, and that the case at bar was touched upon only incidentally in such conversation; and at no time, in any manner, expressed or implied, did the prosecuting attorney lead the attorney for defendant to believe that he would in any way attempt to influence the decision of the judge of the Wabash Circuit Court, but that he told defendant's attorney that he would not ask the judge "anything regarding his possible decision in this case"; that, although defendant's said attorney had been representing her from the date of her arrest to the date of sentence and was present in court October 8, at which time he had entered the plea of guilty for the defendant in her absence, and that both the defendant and her attorney were present in court October 14, at which time sentence was pronounced, nothing was said then or at any time to the prosecuting attorney in relation to his using his influence for a suspended sentence; and that the prosecuting attorney had at no time had any conference or interview with the defendant. This affidavit was supported by the affidavit of the federal prohibition agent.

The several affidavits are the only evidence before the court in support of or against appellant's motion that

the judgment be set aside and she be permitted to withdraw her plea of guilty. It is not necessary here to consider the rule of law in this state that where there is a conflict in the evidence which makes it necessary for the trial court to weigh the evidence presented, this court will not disturb the ruling of the trial court. *Rowe* v. *State* (1921), 191 Ind. 536. The prosecuting attorney's counter affidavit, for all practical purposes, is limited to a denial of the facts alleged by the affidavit of D. F. Brooks, Esq., attorney for appellant, wherein he alleges that he had conferences with the prosecuting attorney and the others, and that representations were made to him by them. The prosecuting attorney does not deny any part of appellant's affidavit, neither does he allege in his affidavit that appellee has a good and meritorious cause of action against appellant as alleged in the affidavit which charges the offense. The range of the matter under consideration and for decision narrows and resolves itself into the question, whether the advice given by the attorney to his client, as set forth in appellant's affidavit, would so bind the court that unless he was governed thereby, and thereupon granted her request, he would transgress the rule of using sound judicial discretion.

An application for leave to withdraw a plea of guilty and to go to trial is addressed to the sound judicial discretion of the trial court, but with the extension of the principle that such discretion must be guided by law. *Rex* v. *John Wilkes* (1770), 4 Burrows Rep. (Eng.) 2527, 2539. It seems to be the well-settled jurisprudence in the majority of the states of the United States upon this subject that, when the combined facts show that it is the first offense of the defendant, and that his plea of guilty had been made through inadvertance and ignorance, and without due

deliberation, and induced by the hope that the punishment that might be meted out to him under the law might by such plea of guilty be mitigated, and further, that the defendant was ignorant of the law, and coupled therewith, was arraigned without the privilege of consulting counsel, and, in the end, not guilty of the crime charged, the application to set aside the judgment and for permission to withdraw the plea of guilty should be granted, and the action of the court in overruling such a request will be deemed to be a violation of the sound judicial discretion as guided by law. *Myers* v. *State* (1888), 115 Ind. 554, 18 N. E. 42; *Mastronada* v. *State* (1882), 60 Miss. 87; *People* v. *McCrory* (1871), 41 Cal. 458; *Gardner* v. *People* (1883), 106 Ill. 76; *State* v. *Stephens* (1880), 71 Mo. 535; *Davis* v. *State* (1856), 20 Ga. 674.

It is not the intent in this opinion to hold that all the averments as just enumerated are necessary in order that a defendant may gain relief by the over-ruling by the trial court of his application to be permitted to withdraw his plea of guilty. It is only in the situation that a defendant would claim such right under the allegation and proof of all of them, that it would be an abuse of discretion for the trial court to refuse the request. If it be assumed that any one or more, but less than all, of those conditions above named be alleged and proved, in the consideration of the case at bar, we are confronted with the two outstanding allegations: (a) That the defendant is not guilty of the crime charged; and (b) that she was misled by her counsel, which consisted of a representation that, upon her plea of guilty, the court would suspend the sentence of imprisonment. It must be held in mind that appellant's affidavit discloses that she was informed by her counsel of the nature and extent of her offense, together with the fact that "if she would enter a plea

of guilty" to said cause, while the law prescribed, in addition to a fine for such offense, a jail sentence, the same would be suspended, and that these facts were not brought to the attention of the court by counsel when he entered her plea of guilty in her absence. This situation does not warrant the court in sustaining her motion, for the reason that her direction to her counsel to enter her plea of guilty was not coupled with a condition, but only with the hope of leniency. Had her direction to her counsel been to enter her plea of guilty in her absence only with the condition that imprisonment be suspended, a wholly different legal situation would confront the court. A plea of guilty coupled with such a condition is no plea at all. Had the court entered it with the condition, it would be a nullity. The plea of *nolo contendere,* which is in the nature of a conditional plea of guilty, is not recognized in the criminal procedure of this state. And the only criminal pleas in bar by the defendant granted under the statute are the pleas of not guilty, *autrefois acquit,* and *autrefois convict.* §2069 Burns 1926, §2069 Burns 1914; *Lee* v. *State* (1873), 42 Ind. 152. Had it been undisputed that appellant had been misled to the extent contended by her counsel in his affidavit, i.e., that the prosecuting attorney and the federal prohibition agent and sheriff had agreed to use their influence upon the court to suspend the sentence of imprisonment, and such statements accepted as the truth, the court would have been in no way bound thereby. *Camarota* v. *United States* (1924), 2 Fed. (2d) 650. If such statements by the prosecutor to appellant or to her counsel could not bind the court, then surely the sole advice of her own counsel to her that a plea of guilty would be followed by a suspension of a sentence of imprisonment would not bind the court. There are a few outstanding cases which hold that where the accused

pleads guilty under a misapprehension of what may be meted out to him in the way of punishment, and without understanding the nature of the case against him, or where a plea of guilty is attempted to be made conditional, the plea ought not to be made to stand in the face of an application to withdraw it. *State* v. *Dow* (1924), 71 Mont. 291, 229 Pac. 402. Leniency of a trial court toward an accused should not, by rule of law, go to the extent that an accused or an accused's counsel may speculate upon what the action of the trial court will be upon a plea of guilty, and, in the event such plea results in a judgment which is more severe than that hoped for by the defendant, take advantage of the same by a request to set aside the judgment and withdraw the plea of guilty, as in the case at bar. If such should become the hard and fast rule of law, the result inevitably would follow that the accused, with his counsel, may use the court as a pawn and gain the end sought when the judgment in any manner exceeded the lenient one hoped for, whether suggested by the counsel of the accused, or from the determined desire of the accused.

Appellant pleads in her affidavit that she is innocent of the offense charged. After this statement, her allegations continue to the effect that had she previously known what the judgment of the court was to be, she would have brought witnesses who would have testified that she had never been in trouble before, was not addicted to being intoxicated, and that, when arrested, she was driving carefully and properly, and that no harm resulted from her driving, and that she was fully able to drive at the time without harming any other person. All of these facts, had they been admitted upon trial of the merits, would have been insufficient upon which to have reversed a finding of guilty upon other good and sufficient evidence. One

may not be addicted to the use of intoxicating liquor and yet become intoxicated.    And because one is driving properly, without doing harm to another, is but a circumstance indicating that the person charged was not actually intoxicated.    One being then in a state of intoxication might be fully able to drive a motor driven vehicle without harming any other person under some circumstances.    So that, such allegations in the affidavit, if accepted as true, are insufficient to establish the innocence of the crime charged.

A defendant should not be permitted to trifle with the court, by deliberately entering a plea of guilty with a secret reservation of the hope of a lenient judgment, and immediately thereafter, upon a rendition of a judgment different than that hoped for, capriciously withdraw such plea of guilty.    From which it follows that a judgment upon such plea of guilty should not be set aside merely because the accused is disappointed in the judgment rendered, it being more drastic in a certain particular than that which the accused had hoped would follow her plea of guilty.    *State* v. *Arnold* (1924), 39 Idaho 589, 229 Pac. 753.

It will be noted that arraignment was waived and plea of guilty entered by appellant's attorney in her absence, but by her direction.    Attention is directed to the case of *Southerland* v. *State* (1911), 176 Ind. 493, 495, where the opinion, by *dictum*, says that:    "In case of felonies, a defendant cannot be arraigned, except he be present in person, nor can he waive arraignment by attorney," and relies upon §222, Acts 1905 p. 584 (§2093 Burns 1914) as authority, which might indicate that the arraignment was a part of the trial of the accused; but, it is the opinion of the court that the section of the statute referred to has to do with the trial of the case, and not with the ar-

State, ex rel., *v.* Fortune, Judge—197 Ind. 345.

raignment and plea.    In the case at bar, the record dis-
closes that appellant had nearly a week intervening
from the day of waiver of arraignment and plea of
guilty to the day set for her to appear for sentence
to be pronounced, and that she did appear to be sen-
tenced, and that, by so doing, without objection or a
change in the plea to the charge, she thereby confirmed
the entry of her waiver of arraignment and plea of
guilty, done at her direction and request.

Under all the circumstances as related in the affida-
vits, it is the opinion of the court that the trial court
was guided by law in using its judicial discretion, and
that, in so doing, it did not abuse the same.

Judgment affirmed.