TAHASH, AS SUPERINTENDENT OF INDIANA REFORMATORY *v.* CLEMENTS.

[No. 29,215. Filed April 5, 1955.]

198

*Edwin K. Steers,* Attorney General, and *Richard M. Givan,* Deputy Attorney General, for appellant.

*James C. Cooper,* Public Defender, and *Perry W. Cross,* Deputy Public Defender, for appellee.

LEVINE, J.—On a hearing on a petition for a writ of *habeas corpus,* in the Madison Circuit Court, the appellee was discharged from custody of appellant, Superintendent of the Indiana Reformatory.

The facts, as stipulated, were as follows: The petitioner (appellee herein) was committed to the Indiana Reformatory, for second degree burglary, for a period of two years, by a judgment of the Boone Circuit Court, on August 5, 1952. On September 19, 1952, the trial court purported to correct the commitment, providing for an indeterminate sentence of two to five years. No

notice was given the petitioner (appellee), no hearing was had, and appellee was not present in court when the court changed the commitment.

Under §10-701 (b), Burns' 1942 Replacement, the sentence should have been indeterminate, two to five years, and the court had a duty, by proper procedure, to correct the commitment.

Under §9-1827, Burns' 1942 Replacement, the Legislature has provided for the correction of a sentence wrongfully imposed. Nevertheless, the proper and only constitutional means of correcting the sentence was to do so on notice and in the presence of the prisoner and his counsel, if one there be. The only constitutional interpretation possible of this statute would be that it authorizes the correction of an erroneous sentence, but the proper procedure must include notice to the prisoner and his presence in court when the change of sentence is ordered. His day in court includes this appearance. The statute, taken alone, cannot change a sentence by the court. The handing down of a sentence is not a ministerial act, but is a judicial act.

Section 9-2202, Burns' 1942 Replacement, provides:

> "For the purpose of judgment, if the conviction be for an offense punishable by death or imprisonment, the defendant must be personally present. . . ."

If the facts stipulated by the parties be true, the purported corrected judgment of September 19, 1952, is void, as the Boone Circuit Court was without jurisdiction to enter the same at a later term when there were no formal proceedings, timely taken, to correct the judgment.

When the Boone Circuit Court attempted to change the sentence, in the absence of appellee and his counsel,

and without any notice to appellee, its action was void, as the court had deprived appellee of his constitutional rights, and thereby had no jurisdiction to change the judgment. *State* v. *Lindsey* (1952), 231 Ind. 126, 133, 106 N. E. 2d 230; *Sweet* v. *State* (1954), 233 Ind. 160, 117 N. E. 2d 745; Constitution of Indiana, Art. 1, §§12 and 13; Constitution of the United States, 14th Amendment, §1.

The appellee was being confined pursuant to the purported corrected judgment of September 19, 1952, as his two-year sentence, prescribed in the judgment of August 5, 1952, had expired. *Habeas corpus* was therefore the proper remedy. *De Hart* v. *Blande* (1954), 233 Ind. 659, 122 N. E. 2d 90, and cases cited therein; *Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 102 N. E. 2d 630.

> If a prisoner is held in prison after the term for which he may be legally held has expired, he may be released under a writ of *habeas corpus*. *Peed* v. *Brewster* (1907), 168 Ind. 51, 79 N. E. 1039.

The State has challenged the jurisdiction of the Madison Circuit Court over these proceedings in *habeas corpus,* since the commitment was made by another court of concurrent jurisdiction. However, an exception to the rule has been made where the judgment of the original trial court is void for lack of jurisdiction over the subject matter or person, and such fact appears in the intrinsic record of that court. Upon this subject this court has stated:

> The law is well settled in Indiana that one Circuit Court has no jurisdiction to issue a writ of habeas corpus setting aside an order of commitment issued by another such court which had jurisdiction of the subject matter and the person, and the power to render the particular judgment. . . .

"While a writ of habeas corpus is a writ of liberty, if it appears that the detention complained of is by virtue of a proper process of court, the writ will not be granted unless the proceedings or judgment supporting the process is absolutely void. . . ." *Finkenbiner* v. *Dowd* (1952), 231 Ind. 416, 422, 423, 108 N. E. 2d 261, 265.

"If the corrected record will show on its face that the judgment under which relatrix is being held is void, then relatrix would be entitled to a discharge from custody in the habeas corpus proceeding." *State ex rel. Eggers* v. *Branaman* (1932), 204 Ind. 238, 244, 245, 183 N. E. 653, 655.

The parties bring this case to us on a stipulation of facts, which facts, if true, could support the single conclusion that appellee was not present in court on the second sentencing; and we must assume that the facts as stipulated are true; that the intrinsic record of the Boone Circuit Court correctly states these facts; and that, therefore, the judgment was void. The record of the changed commitment is not presented to the court by the parties in their briefs, and we will not search the record to reverse the judgment and thereby increase the sentence of appellee. *Harris* v. *Souder* (1954), 233 Ind. 287, 119 N. E. 2d 8.

We find, therefore, in this case, that the Madison Circuit Court had jurisdiction.

Judgment is accordingly affirmed.

Achor, Bobbitt, and Emmert, JJ., concur.

Henley, C. J., not participating.

NOTE.—Reported in 125 N. E. 2d 439.