## THOMAS M. FAUGHT *v.* STATE OF INDIANA.

[No. 1-474A58. Filed December 16, 1974.]

*James D. Lopp, Sr., James D. Lopp, Jr.,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant, Faught, was charged, with others, with the offense of the armed robbery of a drug store on November 9, 1971.

Appellant Faught filed a special plea of insanity to which the State filed answer.

Trial was commenced before a jury on September 10, 1973, on which date the State filed a Motion in Limine over objection of appellant. The Motion in Limine was sustained and the court advised the parties that each witness would be instructed prior to the witness's testifying as to the contents of said motion.

The State and Faught entered into a written stipulation of facts. The stipulation was read to the jury by the court and the jury was instructed as to the effect of such stipulation.

At the close of the trial the jury returned its verdict of guilty of armed robbery, on which verdict the defendant was sentenced to 10 years imprisonment.

The first issue is whether it was error for the trial court to grant the State's Motion in Limine.

The morning of trial the State submitted to the trial court a Petition in Limine which, if granted, would have excluded evidence of the defendant's abstinence from drugs and any criminal behavior by the defendant after November 9, 1971.

Over the objection of appellant Faught the Petition in Limine was granted and witnesses were instructed not to comment as to appellant Faught's criminal or drug related behavior after November 9, 1971.

We do not question the validity of the rule that sanity is a question of fact for the jury to be decided from all relevant evidence. Our decision in *Faught* v. *State* (1973), 155 Ind. App. 520, 293 N.E.2d 506, made it clear that the defendant may present all relevant, competent and material expert evidence pertaining to his state of mind *at the time of the robbery*. We note in *Faught, supra*, that the effect of deprivation of drugs on one addicted was competent as bearing on the defendant's mental condition at the time the crime was committed. *Rogers* v. *State* (1870), 33 Ind. 543.

We find no reason to depart from the reasoning or the holding in *Faught, supra*. Appellant Faught was entitled to present all relevant medical evidence as to his state of mind at the time the alleged offense was committed, including the effects of drug addiction and/or withdrawal symptoms.

Appellant, however, urges reversal of his conviction because the State's Petition in Limine excluded evidence of "abstinence from drugs or crime" after November 9, 1971.

We cannot agree with Faught's contention. Faught's evidence regarding his insanity covers 77 pages in the transcript. The four experts called by appellant exhaustively covered his family life, school incidents, peer pressure, his marriage and the characteristics of the drugs used by appellant, as well as partial and complete withdrawal from such drugs. This rather complete history of Faught's life and drug problems properly had some bearing on his alleged insanity. However, we do not find it was reversible error to grant the Petition in Limine which excluded evidence of appellant's conduct in jail and thereafter. In the course of the trial Faught's attorney made an offer to prove which shows on its face that Faught hoped to show that he was reformed from drug abuse and that he

did not participate in a jail break. In our opinion, the exclusion of this proferred evidence is not reversible error, if it were error.

The purpose of a Motion in Limine is clearly set out in *Baldwin* v. *Inter City Contractors Service, Inc.* (1973), 156 Ind. App. 497, 297 N.E.2d 831, 834, where this court stated:

". . . The exclusion by the trial court may encompass both prejudicial and irrelevant matter, but the primary purpose for granting the motion must be that the matter excluded would be prejudicial to the moving party. *Burrus* v. *Silhavy* (1973), [155] Ind. App. [558], 293 N.E.2d 794."

The trial court could have reasonably concluded that the evidence excluded by the Motion in Limine was not relevant to the issue of sanity and was, in fact, prejudicial to the moving party. While it is true that Motions in Limine are to be used and granted in restrictive circumstances, it is also true that the trial court has full discretion to grant all or any portion of the State's Petition in Limine. In light of appellant's exhaustive evidence on insanity and the nature of the evidence which appellant was not permitted to present, we find the granting of the Motion in Limine was not error. The evidence excluded could well have unduly prejudiced the jurors in their consideration of other relevant evidence bearing on the question of insanity. It is our opinion that the trial court did not abuse its discretion in granting the State's Petition in Limine.

The second issue is whether the stipulation of facts was a de facto confession or guilty plea and in violation of Faught's constitutional rights.

At trial the defendant and the State entered into a stipulation of facts. The stipulation contained all of the evidence that was introduced at trial, with the exception of the evidence relating to the special plea of insanity. The stipulation stated that the defendant, in company with three other individuals, planned the robbery in question. The defendant and said

individuals put on masks and went to the drug store and sought to obtain certain drugs. The method used to obtain these drugs was for the defendant and one of his companions to threaten the druggist with a gun and put him in fear of his life. Certain drugs and money were obtained in this manner, whereupon the defendant and the other individuals left the drug store and subsequent divided up the loot.

Appellant contends that he was denied a fair trial by reason of the introduction into evidence of the stipulation. Appellant urges that the stipulation had the effect of a legal confession, or, in the alternative, was, in effect, a guilty plea. Appellant further argues that if the stipulation is considered a confession or a plea of guilty that the record is devoid of any mention of the defendant being informed of his constitutional rights prior to the introduction of the stipulation. Thus, appellant contends that he was denied his constitutional rights by the introduction into evidence of the stipulation.

It is essential to a determination of this issue that the true purpose and effect of any stipulation of facts be set out. 26 I.L.E. 383, Stipulations, § 1, defines a stipulation as "an agreement between counsel with respect to business before a court." This general definition is expanded and explained by case law. In *City of Indianapolis* v. *Link Realty Co.* (1932), 94 Ind. App. 1, 20, 179 N.E. 574, the court stated that:

". . . As we view the stipulation, it meant nothing more than an agreement as to the facts therein contained, . . ."

Further, in the case of *Schreiber* v. *Rickert* (1943), 114 Ind. App. 55, 58, 50 N.E.2d 879, the court explained a stipulation as "an express waiver made in court or preparatory to trial, by the party or his attorney, conceding for the purposes of the trial the truthfulness of some alleged fact." See also, *Johnson* v. *State ex rel. Slinkard* (1881), 80 Ind. 220.

From these cases it is apparent that a stipulation of facts when entered into is in lieu of testimony or evidence that

would be given during the course of the trial. The parties, in effect, have agreed that the evidence contained in the stipulation would have been brought forth at trial. Once a stipulation is entered into between the parties it is the generally accepted rule that the facts so stipulated are conclusive upon both the parties and the tribunal. *Bruggner et al.* v. *Shaffer* (1965), 138 Ind. App. 183, 210 N.E.2d 439; *Tahash, Supt., etc.* v. *Clements* (1955), 234 Ind. 197, 125 N.E.2d 439; *Bd. of Trustees, etc. et al.* v. *State ex rel. Russell* (1966), 247 Ind. 570, 219 N.E.2d 886.

It has been held, however, that a stipulation of facts will not be construed to admit facts which were obviously intended to be controverted. *Groves et al.* v. *Burton et al.* (1954), 125 Ind. App. 302, 123 N.E.2d 204.

In our determination of this issue we must consider the facts stipulated as true and conclusive unless there is some showing that a fact so stipulated was obviously intended to be controverted by one of the parties.

A careful examination of the stipulation in question leads this court to the inescapable conclusion that said stipulation is nothing more than a stipulation of what the facts would be had the evidence been presented from the witness stand. We cannot agree with appellant's contention that the stipulation is a confession. *Green* v. *State* (1973), 159 Ind. App. 68, 304 N.E.2d 845. Nor can we agree with the alternative contention that the stipulation amounts to a plea of guilty. The stipulation in the case at bar is merely a vehicle for presenting facts from which the jury must make its conclusion as to guilt or innocence.

It is true that the stipulation sets forth facts from which the jury could reasonably find that the defendant committed the crime charged. However, in light of appellant's extensive evidence on the issue of his sanity at the time of the commission of the crime, we cannot accept the stipulation as a confession or a plea of guilty. It is obvious from appellant's position and the evidence presented at trial that Faught contested

the issue of his sanity which would bear directly on his ability to form the requisite criminal intent involved in the crime charged. *Groves* v. *Burton, supra*. If we were to consider this stipulation of facts as a confession it would mean that we must accept the stipulation as conclusive as to all elements of the crime charged. We cannot accept this proposition. Also, were we to consider this stipulation as a guilty plea it would mean that there was no function for the jury in that all facts necessary to convict the defendant would have been admitted. In light of the plea of insanity and the evidence thereon at trial it is our conclusion that the appellant did not plead guilty as a result of the stipulation. Having determined that the stipulated facts are neither a confession nor a plea of guilty, we are not required to pass on the question of the constitutionality of the same.

The third issue in this appeal is whether the trial court committed reversible error when it instructed the jury following the reading of the stipulation hereinabove discussed. After the reading of the stipulation to the jury the court gave the following instruction to the jury:

"Ladies and Gentlemen, I instruct you that as a matter of law, the facts that have been stipulated relieves the State of Indiana from any necessity of proving those facts. You must and shall accept those facts that have been so stipulated as proven beyond a reasonable doubt."

An examination of the record in this cause discloses that no objection was made to the trial court when this instruction was read to the jury. It is elementary on appeal that issues may not be raised on matters which were not objected to at trial and that the failure to make a proper objection is a waiver of any issue thereon. Having failed to make a timely objection to the above instruction no issue relating to the said instruction has been preserved on appeal and this issue is specifically waived. *Robinson* v. *State* (1974), Ind. App., 309 N.E.2d 833; *State* v. *Williams* (1973), 156 Ind. App. 625, 297 N.E.2d 880.

The fourth issue is whether the court erred in giving State's Instructions numbered 6 and 7, which read as follows:

## "STATE'S INSTRUCTION NO. 6

In Indiana, drug addiction is not a defense to a crime."

## "STATE'S INSTRUCTION NO. 7

A criminal defendant under the influence of voluntarily administered drugs is not entitled to raise his own culpable acts to the level of a defense to his crime."

Appellant argues that the instructions were erroneous and that he was, in fact, denied a fair trial by the giving of said instructions. Appellant contends that the instructions are based on an erroneous interpretation of *Faught, supra,* and do not properly state the holding of that case.

This court, in *Faught, supra,* was clear in maintaining a distinction between drug addiction as a defense, and Faught's claim that a lack of drugs was the cause of his insanity.

"Faught was not under the influence of heroin when he robbed the drug store. Rather, his defense is based upon his allegation that he was insane because of a compulsion caused by his complete lack of heroin, to which he was addicted." *Faught* v. *State* (1973), 155 Ind. App. 520, 293 N.E.2d 506, 507.

This court expressed no opinion in that case whether the absence of drugs could support the defense of insanity. In *Faught, supra,* this court stated:

"We do *not* hold that drug addiction is a defense to a crime. Nor do we hold that a criminal defendant, under the influence of voluntarily self-administered drugs, is entitled to raise his own culpable acts to the level of a defense to his crime." (Original emphasis.) 293 N.E.2d 506, at 507.

It is also true, as appellant contends, that the above language was used to limit or define the court's holding. However, the purpose of the language used does not alter its

obvious meaning; that drug addiction is not a defense to crime. Therefore, the instructions tendered by the State are proper under the court's holding. These instructions do not "obviously misinterpret" the *Faught* decision, as the appellant argues. That the use of drugs is not a defense may be the subject of an instruction. Such an instruction does not undermine Faught's contention that the absence of drugs may cause insanity.

Further, appellant's Instruction No. 9, given by the court, stated, in pertinent part, that:

"... deprivation may be considered in determining the mental condition of the defendant at the time of the supposed robbery."

This instruction made clear that the defendant was asserting the absence of drugs as the basis for his special plea of insanity.

Given appellant's own instruction and in light of our further construction of *Faught, supra,* we find there was no error in the giving of State's Instructions 6 and 7.

Issue number 5 is whether the State failed to prove the defendant sane beyond a reasonable doubt.

Appellant's final argument is that the State failed to meet its burden of proof regarding his sanity. Once Faught raised the defense of insanity it was incumbent upon the State to prove him sane beyond a reasonable doubt. *Fitch* v. *State* (1974), 160 Ind. App. 697, 313 N.E.2d 548; *Johnson* v. *State* (1970), 255 Ind. 324, 264 N.E.2d 57; *Lenovich* v. *State* (1958), 238 Ind. 359, 150 N.E.2d 884.

The question of sanity is, however, one of fact and as such is subject to the same standards of review as other questions of fact. There was conflicting evidence at the trial on the issue of sanity, with expert witnesses testifying for both parties. On appeal we cannot substitute our judgment for that of the jury. Where there is substantive evidence of probative value from which the jury could have

decided the issue we cannot disturb that decision. *Stamper* v. *State* (1973), 260 Ind. 211, 294 N.E.2d 609. We find no error in the jury's determination of the sanity issue.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 319 N.E.2d 843.