Michael E. PAYNE
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 36A04–8802–CR–56.

Court of Appeals of Indiana,
First District.

Dec. 5, 1988.

On Rehearing Feb. 15, 1989.

Joseph Leon Payne, Austin, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael A. Schoening, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

Michael E. Payne appeals from the Jackson County Court's denial of his Motion for Expungement of Records filed pursuant to Indiana Code section 35–38–5–1. We reverse and remand with instructions.

FACTS

On January 5, 1987, an information was filed against Michael E. Payne for Resisting Law Enforcement.[1] This charge stemmed from a previously filed complaint for speeding. After negotiations, Payne pleaded guilty to the speeding complaint and agreed to a fine plus costs in return for the prosecutor's agreement to dismiss the Resisting Law Enforcement charge and to execute a Joint Petition for Expungement of Record with regard to the dismissed charge. The prosecutor complied with this plea agreement by filing a Motion to Dismiss on July 1, 1987, which stated that the State could not demonstrate the

1. Indiana Code section 35–44–3–3.

elements of the offense of Resisting Law Enforcement beyond a reasonable doubt. On July 6, 1987, a Joint Petition for Expungement of Records was filed. This petition requested that the records relating to Payne's arrest for Resisting Law Enforcement be expunged because no offense was committed and/or there was no probable cause. The Attorney General on behalf of the State filed a Notice of Opposition to the Joint Petition. On October 6, 1987, a hearing was held on the petition. The trial court took the matter under advisement, and later denied the "Motion to Expunge for the reason that Probable Cause did exist." Record at 89. Appellant appeals this denial.

### ISSUES

Rephrased, Payne raises two (2) issues:

1. Whether the trial court was precluded from denying the Joint Petition for Expungement of Records because of the prosecutor's stipulation to certain facts in the petition?

2. Whether the trial court erred by refusing to grant the petition based upon the finding that probable cause existed?

### DISCUSSION AND DECISION

*Issue One*

■ Payne argues first that the trial court was required to grant the Petition for Expungement because of the prosecutor's stipulation to certain facts and agreement to obtain expungement of the Resisting Law Enforcement record. The State argues that the prosecutor lacked the power to stipulate to the facts surrounding the dismissal of charges and lacked the power to waive the law enforcement agency's right to oppose the Petition for Expungement. Both parties are correct in part. A prosecutor does have the power to state or stipulate as to the reason a charge is dismissed. In fact, Indiana Code section 35–34–1–13 provides that when a prosecutor files a motion to dismiss a charge the prosecutor shall state the reason for dismissal. However, a prosecutor lacks the power to waive any other agency's right to oppose an expungement petition. Ind.Code § 35–38–5–1 provides as follows:

"Petition for expungement of records—Procedure upon receipt of petition—Notice of opposition.—(a) Whenever:

(1) An individual is arrested but no criminal charges are filed against him; or

(2) All criminal charges filed against an individual are dropped because:

(A) Of a mistaken identity;

(B) No offense was in fact committed; or

(C) There was an absence of probable cause; the individual may petition the court for expungement of the records related to the arrest.

"(b) A petition for expungement of records must be verified and filed in the court in which the charges were filed, or if no criminal charges were filed, in a court with criminal jurisdiction in the county where the arrest occurred. The petition must set forth:

(1) The date of the arrest;

(2) The charge;

(3) The law enforcement agency employing the arresting officer; and

(4) Any other known identifying information, such as the name of the arresting officer, case number, or court cause number.

"(c) A copy of the petition shall be served on the law enforcement agency and the state central repository for records.

"(d) Upon receipt of a petition for expungement, the law enforcement agency shall notify the court of the name and address of each agency to which any records related to the arrest were forwarded. The clerk shall immediately send a copy of the petition to each of those agencies. Any agency desiring to oppose the expungement shall file a notice of opposition with the court setting forth reasons for resisting the expungement within thirty [30] days after the petition is filed. A copy of the notice of opposition shall be served on the petitioner in accordance with the Rules of Trial Procedure. The court shall either summarily grant the petition or set the matter for hearing.

"(e) If a notice of opposition is filed, the court shall set the matter for a hearing.

"(f) The petition shall be granted unless the court finds:

(1) The conditions in subsection (a) have not been met;

(2) The individual has a record of arrests other than minor traffic offenses; or

(3) Additional criminal charges are pending against the individual."

This statute specifically provides that the law enforcement agency and any other agency which holds records related to the specific arrest may oppose the petition. In the present case, the Indiana State Police opposed the Joint Petition. The Attorney General, not the prosecutor, is empowered to represent the Indiana State Police. Indiana Code sections 4–6–1–6 and 4–6–2–1. Accordingly, the prosecutor lacked the authority to waive the rights of other agencies and could not obtain expungement without regard to the rights of these agencies. In light of the foregoing, the prosecutor's stipulation did not require the trial court to grant the Joint Petition for Expungement, and the Attorney General could have presented evidence in opposition to the petition. Therefore, Payne's stipulation argument fails.

█ Payne argues also that the trial court was bound by a plea agreement, that the prosecutor improperly backed out of the terms of this agreement, and that the court was required to order specific performance of this agreement. Payne argues under Indiana Code section 35–35–3–3(e) and *Bartzis v. State* (1987), Ind.App., 502 N.E.2d 1347, that the court was bound by a plea agreement. Payne is mistaken. No plea agreement was presented to or accepted by the trial court in the present case. Therefore, the rule relied upon by Payne is inapplicable to this case.

█ Payne argues under *Spalding v. State* (1975), 165 Ind.App. 64, 330 N.E.2d 774, that when the terms of a plea agreement have not been met by the State, the court must order specific performance if requested. Payne's argument fails. In *Spalding,* the prosecutor agreed to do something within his power (*i.e.,* dismiss a charge) in return for a guilty plea and an agreed upon sentence. The defendant, however, obtained a lesser sentence than bargained for in the agreement. The prosecutor then attempted to renege on the agreement to dismiss a charge. The appellate court held that since the defendant complied with his portion of the agreement, and since the prosecutor had no control over the sentencing decision, the prosecutor could not rescind the agreement. Thus, specific performance was ordered.

In the present case, unlike *Spalding,* the prosecutor did not agree to do something within his power. The prosecutor agreed that "the State would agree to a Petition for Expungement of Record pursuant to I.C. 35–38–5–1 et seq. of the Resisting Law Enforcement charge." Record at 106. However, as stated previously the prosecutor had no power to waive other agencies' rights with regard to record expungement. Although this might constitute grounds upon which Payne could obtain post-conviction relief from the guilty plea, the prosecutor's attempted act of representing other agencies beyond the scope of his authority does not entitle Payne to specific performance.

*Issue Two*

█ Payne argues next that the trial court erred by not granting expungement as required by subdivision (f) of the statute which provides as follows:

"(f) The petition shall be granted unless the court finds:

(1) The conditions in subsection (a) have not been met;

(2) The individual has a record of arrests other than minor traffic offenses; or

(3) Additional criminal charges are pending against the individual."

Payne argues the trial court did not properly find that any of the three (3) conditions precluding expungement existed. Payne is correct. The trial court denied the Petition for Expungement because probable cause did exist. Record at 89. Apparently, the trial court believed that the finding that probable cause existed was equivalent to a finding that the conditions in subsection (a) had not been met. The trial court erred in this respect because the conditions in subsection (a) are phrased in the alternative. Thus, subsection (a)'s requirements can be met by showing any of the conditions, and an exclusion of one does not preclude an order of expungement. Since the trial court failed to find that the conditions of subsection (a) were not met, and since the evidence conflicted on this issue, we hold that the trial court erred in denying expungement. Therefore, the trial court's denial of expungement is reversed and this case is remanded with instructions to grant Payne's Petition for Expungement.

Reversed and remanded with instructions.

NEAL and MILLER, JJ., concur.

RATLIFF, Chief Judge.

## ON PETITION FOR REHEARING

█ The State argues that we erred by remanding to the trial court with instructions to enter an order of expunge-

ment. The State is correct. In our decision we held that the trial court failed to make sufficient findings to deny expungement under subsection (f) of the statute because the trial court's findings did not reject all of the factors raised by Payne under subsection (a). Accordingly, we reversed the trial court's decision. We then remanded with instructions to enter an order of expungement. However, these instructions were improper because by ordering expungement we stepped into the shoes of the trial judge and implicitly and improperly made findings as to the remaining factors raised by Payne under subsection (a). Payne carried the burden of proof on these factors and since we held the evidence was conflicting, we should have remanded to the trial court with instructions to make more complete findings. We note, however, that the trial court's findings must address only those factors in subsection (a) which Payne presented at the hearing. In the present case Payne argued the charges were dropped because no offense was committed and because no probable cause existed. The trial court's finding addressed only the second of these factors. Therefore, we remand to the trial court with instructions to enter findings on the remaining factor Payne raised under subsection (a) based on the evidence of record.

Instructions on remand modified.

NEAL, J. and MILLER, J., concur.