CLEAVENGER, ADMINISTRATOR, ETC., ET AL. *v.* RUETH.

[No. 19,420. Filed October 1, 1962.]

*Owen W. Crumpacker, Theodore M. Gemberling, Lowell E. Enslen, Harold Abrahamson,* and *Crumpacker, Gemberling & Enslen,* all of Hammond, for appellants.

*Tinkham, Beckman & Kelly,* of Hammond, for appellee.

RYAN, J.—This was an action by the appellee against the appellants for money due under a contract for the construction of a building. Special findings of fact and conclusions of law were stated, and a judgment rendered in favor of the appellee. From such judgment the appellants appealed, and assign as error the overruling of their motion for a new trial, which motion contains some sixteen (16) specifications of error; that the trial court erred in its con-

clusion of law #1; that it erred in its conclusion of law #2; and that the trial court erred in entering separate judgments in favor of the plaintiff and against each of the defendants.

The judgment reads:

"IT IS, THEREFORE, CONSIDERED AND ADJUDGED that the plaintiff, Ernest Rueth, recover from the defendant, Lurine B. App, the sum of Ten Thousand Six Hundred Eight Dollars seven cents ($10,608.07), that the plaintiff, Ernest Rueth, recover from the estate of John M. App the sum of Six Thousand Dollars ($6,000.00), and that the total recovery of the plaintiff, Ernest Rueth is limited to Ten Thousand Six Hundred Eight Dollars seven cents ($10,608.07), together with his costs laid out and expended herein in this cause.

"APPROVED: "SIGNED John G. Baran, Judge "Lake Superior Court Room 2"

A judgment implies the final decision of a court of competent jurisdiction in which the rights of the parties involved in the controversy have been judiciously settled, I. L. E. Judgments §1, and

"... judgment is not final unless it determines the rights of the parties in the suit, or a distinct and definite branch thereof, and reserves no further question or direction for future determination." *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 104 N. E. 2d 669.

It should be pointed out that the appellants made no motion to modify the judgment in the lower court, and the general rule is that the form or substance of a judgment can not first be questioned here but the question must first be presented to the court below by a motion to modify.

*Diane Company, Inc., etc. et al.* v. *Beebe* (1960), 131 Ind. App. 161, 169 N. E. 2d 542.

However, notwithstanding the absence of a motion to modify said judgment, we are confronted with the judicial duty of determining the several issues and contentions presented and made on this appeal from this judgment. It is apparent that the judgment, as rendered, is not only wholly and materially indefinite and uncertain, but is susceptible to various and diverse interpretations as to its application and effect upon any attempted enforcement of the judgment.

While it is established that in case of ambiguity the reviewing court may "look to the whole record to ascertain the meaning or effect of the judgment," *State ex rel. Booth* v. *Beck Jewelry Enterprises* (1942), 220 Ind. 276, 279, 41 N. E. 2d 622, and cases cited, yet, such effort on our part in the present cause would be ineffective as an aid in the solution of the problems encountered, since we are without capacity to divine the precise adjudication intended by the trial court. Any endeavor by us to alter or change the judgment by judicial construction, so that it may comport with our ideas as to what the court meant to adjudicate, would be, it is clear, without legal warrant or significance.

Under such circumstances any determination by us of the issues and contentions would be unavailing, conjectural, and without firm substance. It seems proper, therefore, to afford the trial court an opportunity to more adequately express its conclusion. To that end this cause must be remanded.

This cause, for the reasons given, is hereby remanded to the trial court with instructions to set aside the judgment appealed from and to render and enter

such judgment as the court may deem appropriate to definitely and explicitly state its ultimate judicial conclusion.

Cooper, P. J. and Ax and Myers, JJ., concur.

NOTE.—Reported in 185 N. E. 2d 305.