RICH *v.* FIDELITY TRUST COMPANY, TRUSTEE, ET AL.

[No. 19,926. Filed June 18, 1964.]

*Rochford & Rochford, Paul T. Rochford,* and *Frank E. Spencer,* all of Indianapolis, for appellant.

*James E. Rocap, Jr.,* and *Robert G. Robb,* both of Indianapolis, for appellees, Fidelity Trust Company, Trustee; Fidelity Trust Company, Former Trustee.

*Davis, Hartsock & Dongus* and *Paul Y. Davis,* of Indianapolis, for appellee, Massachusetts Mutual Life Insurance Company.

*Buschmann, Kreig, DeVault & Alexander,* and *John R. Carr, Jr.,* both of Indianapolis, for appellees French Lick Hotel Corporation and French Lick Hotel Co., Inc.

COOPER, J.—This is an appeal from a judgment of the Morgan Circuit Court in a proceeding on a plea in abatement filed in a cause of action commenced by Mary C. Rich, appellant, for alleged damages for personal injuries sustained in the French Lick Springs Hotel.

The record now before us reveals that the defendants named were French Lick Hotel Corporation, formerely Orange County Realty Corporation; Massachusetts Mutual Life Insurance Company of Springfield, Massachusetts; Fidelity Trust Company of Indianapolis, Indiana, Trustee, and Fidelity Trust Company of Indianapolis, Indiana, former trustee for the French Lick Hotel Company, Inc.

A review of the record further reveals that the French Lick Hotel Corporation entered special appearance; special appearance for Fidelity Trust Company, Trustee, and Fidelity Trust Company, former trustee; general appearance for Massachusetts Mutual Life Insurance Company; French Lick Hotel Company, Inc., and French Lick Hotel Corporation, filed an answer in denial; Massachusetts Mutual Life Insurance Company also filed answer in general denial; Fidelity Trust

Company, Trustee, and Fidelity Trust Company, former trustee, filed plea in abatement.

From the foregoing, it is apparent that the issue formed by the answer in abatement by the Fidelity Trust Company of Indianapolis, Indiana, trustee, and Fidelity Trust Company of Indianapolis, Indiana, former trustee, was correctly tried first by the trial court.

It further appears that the trial court heard evidence on the defendant's, Fidelity Trust Company of Indianapolis, Indiana, Trustee, and Fidelity Trust Company of Indianapolis, Indiana, former trustee's, plea in abatement, and, at the conclusion of said evidence, took said cause under advisement.

Thereafter, the following entry was made:

"The court having heard evidence on Defendant Fidelity Trust Co. of Indianapolis, Trustee and Fidelity Trust Co. of Indianapolis, Indiana, former trustee's Plea in abatement and orders said cause of action abate, to which ruling of the Court the Plaintiff excepts. Notify Attys."

Thus, it is affirmatively apparent from the foregoing entry that the trial court might have the effect of abating the cause of action to all defendants rather than the defendants, Fidelity Trust Company of Indianapolis, Indiana, trustee, and Fidelity Trust Company of Indianapolis, Indiana, former trustee. This the appellant contends would be erroneous and contrary to law.

We are of the opinion that the appellant would be correct in his contention except it appears from the record that the cause is at issue on the merits on the answers of the defendants, Massachusetts Mutual Life Insurance Company of Springfield, Massachusetts, The

French Lick Hotel Company, Inc., and the French Lick Hotel Corporation, and we are of the opinion that such issues have not been tried or properly disposed of by the trial court.

By reason of what we have heretofore stated, we are of the opinion that the trial court did not possess the power or authority to abate the entire action, nor did he intend to do so by the particular entry he made and entered, and that this cause falls within the doctrine made and announced by this court in the case of *Cleavenger* v. *Rueth* (1962), 134 Ind. App. 18, 185 N. E. 2d 305.

This cause, for the reasons given, is hereby remanded to the trial court with instructions to modify the judgment only in such manner as to eliminate all ambiguities as to the extent and adjudication of the abatement heretofore ordered and entered by said trial court, and thereafter certify said judgment so corrected to this court for further disposition of this appeal.

Carson and Ryan, JJ., concur.

Faulconer, P. J., dissents, with opinion.

DISSENTING OPINION.

FAULCONER, P. J.—I dissent from the majority opinion because I do not feel that it is necessary to remand this cause to the trial court for clarification of the judgment.

If this court can determine from the record including the pleadings and the evidence and the judgment, taken as a whole, to whom the judgment applies, it is not uncertain.

The record in this case, and even the judgment it-

self, clearly shows to which defendant the judgment abating the action applies.

In my opinion the judgment here under consideration is readily distinguishable from that in the case of *Cleavenger* v. *Rueth* (1962), 134 Ind. App. 18, 185 N. E. 2d 305. Applying the doctrine announced in the Cleavenger case to the facts in this case would, I feel, make the order of remand by the majority opinion unnecessary.

I feel that this court should proceed to determine the merits of this case without the delay such order will occasion.

NOTE.—Reported in 199 N. E. 2d 351.