CLEAVENGER, ADMIN. ESTATE OF APP ET AL. *v.* RUETH.

[No. 19,420. Filed December 10, 1968. Rehearing denied January 21, 1969. Transfer denied April 15, 1969.]

*Owen W. Crumpacker, Theodore M. Gemberling, Lowell E. Enslen, Harold Abrahamson,* and *Crumpacker, Gemberling & Enslen,* of counsel, all of Hammond, for appellant.

*Tinkham, Beckman and Kelly,* of Hammond, for appellee.

PRIME, J.—This appeal involves an action by Appellee Rueth against Appellant Cleavenger for money due under a contract for the construction of a business building in Hammond, Indiana. The action was instituted in 1954. Special findings of fact and conclusions of law were stated by the court and the following judgment rendered.

"IT IS, THEREFORE, CONSIDERED AND ADJUDGED that the plaintiff, Ernest Rueth, recover from the defendant, Lurline B. App, the sum of Ten Thousand Six Hundred Eight Dollars seven cents ($10,608.07), that the plaintiff, Ernest Rueth, recover from the estate of John M. App the sum of Six Thousand Dollars ($6,000.00), and that the total recovery of the plaintiff, Ernest Rueth is limited to Ten Thousand Six Hundred Eight Dollars seven cents ($10,608.07), together with his costs laid out and expended herein in this cause.

"APPROVED: SIGNED John G. Baran, Judge
Lake Superior Court Room 2"

From this judgment the Appellants appealed. This court determined such appeal and an opinion was handed down in 1962 as follows:

. . . "While it is established that in case of ambiguity the reviewing court may 'look to the whole record to ascertain the meaning or effect of the judgment,' *State ex rel. Booth v. Beck Jewelry Enterprises* (1942), 220 Ind. 276, 279, 41 N. E. 2d 622, and cases cited, yet, such effort on our part in the present cause would be ineffective as an aid in the solution of the problems encountered, since we are without capacity to divine the precise adjudication intended by the trial court. Any endeavor by us to alter or change the judgment by judicial construction, so that it may comport with our ideas as to what the court meant to adjudicate, would be, it is clear, without legal warrant or significance.

Under such circumstances any determination by us of the issues and contentions would be unavailing, conjectural, and without firm substance. It seems proper, therefore, to afford the trial court an opportunity to more adequately express its conclusion. To that end this cause must be remanded.

This cause, for the reasons given, is hereby remanded to the trial court with instructions to set aside the judgment appealed from and to render and enter such judgment as the court may deem appropriate to definitely and explicitly state its ultimate judicial conclusion.

Cooper, P.J., Ax and Meyers, J.J., concur."

Reported in 134 Ind. App. 18, 185 N. E. 2d 305.

After the cause was remanded to the trial court in 1962, no further action was taken until the year 1968 when this court received what is purported to be a transcript of the record in the trial court since the remanding of the original action.

This transcript is marked "Filed in the Office of the Clerk, March 29, 1968." Examination of this purported transcript discloses that it is not in proper form and cannot be considered by us for the following reasons:

1. No certificate of the trial court is attached.
2. Copy of the alleged transcript served upon the appellee does not have the seal of the trial court affixed thereto.
3. The transcript does not contain an assignment of errors.
4. The transcript does not have an index.
5. The transcript does not have marginal notes.
6. The entries in the transcript are not dated and it cannot be determined the date on which said entries were made.
7. The transcript was not filed with this Court, but is only attached as an exhibit to petition which has been filed with this Court.

This second transcript was dated March 26, 1965, and the Clerk's Certificate dated March 29, 1965.

It was filed in this court three years after being prepared and signed by the Clerk of the trial court.

All action set out in the second transcript is not found in any briefs before this court nor has any request been made to file supplemental briefs of any kind.

A corrected judgment of the trial court was entered on September 27, 1963, in response to the mandate of this court handed down in 1962.

We cannot entertain any further consideration of this matter more than three years after the judgment was entered.

Rule 2-2, 2-17, 2-18, 2-20, Rules of the Supreme Court of Indiana.

This appeal must be dismissed.

Carson, C.J., and Faulconer, J., concur.

Cooper, J., not participating.

---

Chronology of this appeal.

| | |
|---|---|
| Feb. 16, 1960 | Transcript filed |
| July 5, 1960 | Appellant's Brief Filed |
| Aug. 18, 1960 | Appellee's Brief Filed |
| Oct. 7, 1960 | Appellant's Reply Brief Filed |
| Dec. 11, 1961 | Oral Argument |
| Oct. 1, 1962 | Remanded to Trial Court |
| March 29, 1968 | Transcript of Trial Court proceedings subsequent to remand. |
| April 5, 1968 | Appellants file Petition for Adjudication |
| April 10, 1968 | Appellants' Petition for Adjudication stricken and expunged from record. |
| Sept. 30, 1968 | Appeal distributed to Prime, J. |

It will be noted from the above record that there was nothing before this court from 1962, the year of the remand, until 1968.

NOTE.—Reported in 242 N. E. 2d 379.