ROBERT E. DE WEESE *v*. STATE OF INDIANA.

[No. 1-1272A118. Filed May 21, 1973.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was convicted by jury of the offense of armed robbery and the trial court entered a judgment on the jury's verdict and passed sentence on the defendant, fixing his punishment for a period of not less than ten (10) years nor more than twenty-five (25) years.

Motion to correct errors was timely filed and the appeal was perfected and is reported in 282 N.E.2d at page 828 in an opinion by Justice Givan. In that opinion Justice Givan stated that the defendant was entitled to the benefit of the 1969 amendment to the statute under which defendant-appellant had been charged and tried and that under the 1969 amendment the penalty as provided by statute was lowered from ten (10) to twenty-five (25) years to not less than five (5) nor more than twenty-five (25) years. *MacTate* v. *State* (1971), 256 Ind. 55, 267 N.E.2d 76.

Our Supreme Court then remanded the cause to the trial court for correction of appellant's sentence to a term of not less than five (5) nor more than twenty-five (25) years and further held: "The trial court is in all other things affirmed."

The trial judge, in compliance with the mandate of our Supreme Court, on June 30, 1972, entered a new judgment in the first trial of the cause, showing that the defendant was committed ". . . for a period of not less than five (5) years nor more than twenty-five (25) years and that defendant satisfy the costs and charges herein."

The same judgment discloses that the court advised the defendant, under Supreme Court Criminal Rule 11 as to his rights for a new trial and that the defendant stated he desired to file a motion to correct errors after which the court immediately instructed trial counsel for the defendant that it was his duty to file a timely motion to correct errors.

The court went further and informed the defendant that he had been found guilty of robbery on February 23, 1971, and sentenced on March 9, 1971, to not less than 10 years nor more than 25 years in the Indiana Youth Center. He further instructed the defendant that sentence had been modified and corrected pursuant to the ruling of the Supreme Court of Indiana and that sentence was then not less than five nor more than twenty-five years. He further instructed defendant the law was not completely clear as to whether or not defendant had a right of appeal of a corrected sentence but should there

be such a right as might be disclosed by research, then the defendant had the right to pursue the further remedy by filing a motion to correct errors and appealing to the Court of Appeals or the Supreme Court of Indiana.

On interrogation by his counsel defendant informed counsel and the court that he wanted an appeal and requested counsel to file motion to correct errors.

Mr. John D. Clouse, attorney for the defendant, very graciously informed the court that if the defendant desired an appeal he would, as his attorney, perfect the appeal and requested the record to show that although he would willingly perfect the appeal he did not expect to be paid therefor and was waiving any fee to which he might later be entitled.

Defendant's counsel timely filed motion to correct errors, to which the State filed an affidavit in opposition. Hearing was had thereon, and the defendant called the bailiff of the Vanderburgh Superior Court as a witness to prove charges in the motion to correct errors and the supporting affidavit that the bailiff had, while the jury was deliberating, taken the jury on a tour of the Vanderburgh County Jail, which action of the bailiff is now charged by the defendant as being prejudicial to the defendant in the trial of his cause.

The motion to correct errors was overruled, defendant filed a petition for pauper appeal and the same was granted, with defendant's counsel accepting the appointment as pauper attorney to perfect the appeal and restating that he would do so without compensation.

Defendant-appellant now contends that he is entitled to a second appeal after the modification of his sentence by the trial court, and for the further reason that when the bailiff took the jury on a tour of the Vanderburgh County Jail during the progress of defendant's trial, it was a clear violation of the defendant's statutory and constitutional rights and he is entitled to a new trial.

This question was passed upon by our Supreme Court in the first appeal in *DeWeese* v. *State* (1972), 258 Ind. 520, 282

N.E.2d 828, with the court ruling against the defendant-appellant and we shall not attempt to change the well reasoned opinion of our Supreme Court.

This appeal concerns itself with one question only and that is whether defendant is entitled to a review of the issue presented in the motion to correct errors which he filed on August 24, 1972, which motion sets forth an issue identical to the issue presented in the original motion to correct errors of April 20, 1971, as reported in *DeWeese* v. *State, supra.*

The State contends that this issue having been considered and determined by our Supreme Court is now *res judicata* as to that issue.

The State further contends that under Rule AP. 4(A) an appeal can only be taken from a *final judgment;* that the first judgment was final and resolved all issues between the parties and represented final judgment of defendant's guilt and that the modification of the judgment in no way altered the prior adjudication of the issues in the case.

Defendant-appellant contends there is a right to appeal from a modified or corrected sentence or judgment and there is a right to appeal in such circumstances as exist in the case at bar. He relies on the case of *Cleavenger* v. *Rueth* (1968), 144 Ind. App. 1, 242 N.E.2d 379.

The first appeal in *Cleavenger* v. *Rueth* (1962), 134 Ind. App. 18, 185 N.E.2d 305, shows, in an opinion by Judge Ryan, that the record was in such condition this court could not determine the issues and contentions. However, this court offered the trial court an opportunity to more adequately express its conclusions and remanded to the trial court with instructions to set aside the judgment appealed from and render its judgment as the court may deem appropriate to definitely and explicitly state its ultimate judicial conclusions. It appears to us that in *Cleavenger* the great difficulty was in the amount of the judgment which would necessarily have been changed on the remand, as we understand in reading the opinion.

In *Cleavenger* the action was instituted in 1954 on a contract, was tried and appealed to this court and remanded to the trial court in 1962 with no further action taken until 1968, when this court received a transcript of the record filed in this court on March 29, 1968, and dated March 28, 1965. The transcript was fraught with defects and this court could not pass on the case and dismissed the second appeal.

*Cleavenger,* as contended by defendant-appellant, does bear implication that there is a right to appeal under such circumstances as exist in the case at bar.

We can and do distinguish *Cleavenger* from the case at bar in that in *Cleavenger* there was an attempt by the trial court to comply with the remand order but when the case was appealed the second time the judgment was exactly the same as the first. In the case at bar the only change in the record made was that ordered by the remand changing the minimum portion of the sentence from 10 years to 5 years, which was favorable to the defendant.

In *Cleavenger* we agree with the State, as set out in its brief, that the remand for modification of a judgment was essential to an appellate review of the alleged errors. In the case at bar the alleged errors were readily susceptible to appellate review with or without the modification of sentence and the issues of fact were fully reviewed by our Supreme Court on the first appeal with the court finding no reversible error. *Deweese* v. *State, supra.* There was only an impropriety of the sentence. The modification of a sentence does not constitute a new final judgment for the reason it constitutes no change in the original resolution of the issues between the parties.

Defendant-appellant refers to the case of *Lee* v. *State* (1972), 259 Ind. 301, 286 N.E.2d 840, 843, with the remark that it is interesting that our Supreme Court ordered a sentence corrected *nunc pro tunc,* but did not do so in the case at bar. This is true; however, we are of the opinion it is immaterial in the case at bar that the Supreme Court ordered the sentence corrected on remand without ordering the cor-

rection *nunc pro tunc.* It was necessarily implied by the order that it would be done *nunc pro tunc.*

The State of Indiana urges that the issue defendant-appellant seeks to determine is *res judicata.*

The alleged tour of the Vanderburgh County Jail by the jurors has heretofore been presented to our Supreme Court in the first appeal of this cause and passed upon by them on the merits of the cause and is, in our opinion, *res judicata.*

The case of *Hammond Pure Ice & Coal Co.* v. *Heitman* (1943), 221 Ind. 352, 358, 47 N.E.2d 309, 311, says:

> "It is said in 30 Am. Jur. § 172, p. 914, 'A final judgment rendered by a court of competent jurisdiction on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action.' It has been many times held by this court that the doctrine of *res adjudicata* embraces not only what was actually determined, but every matter which the parties could have had litigated in the cause. The judgment in the former case is conclusive and bars a subsequent action if an opportunity was presented to litigate the entire subject-matter in the first action. . . ."

The case of *Martin* v. *Ben Davis Conservancy Dist.* (1958), 238 Ind. 502, 524, 153 N.E.2d 125, holds:

> ". . . All such questions which could have been adjudicated within the issues are presumed finally determined or waived by the parties thereto." [Citing *Hammond Pure Ice, supra.*]

The case of *Olds* v. *Hitzemann* (1942), 220 Ind. 300, 307, 42 N.E.2d 35, states:

> ". . . It is firmly settled that *res judicata* embraces not only what was actually determined, but every matter which the parties might have litigated in the cause. The judgment in the former action is conclusive and bars a subsequent action if an opportunity was presented to litigate the entire subject-matter in the former action. [Cases cited omitted]. . . ."

We are of the opinion that our Supreme Court's prior determination of the issue defendant-appellant seeks reviewed here

is *res judicata* and that the trial court corrected its order on remand as directed, raising no new issue or issues and certainly not to the detriment of the defendant, but to his advantage.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 296 N.E.2d 128.