**STATE of Indiana, Plaintiff–Appellant,**

v.

**Dale GROAT, Defendant–Appellee.**

**No. 3–780A213.**

Court of Appeals of Indiana,
Third District.

Nov. 25, 1980.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for plaintiff–appellant.

Thomas J. Mullins, Merrillville, for defendant–appellee.

GARRARD, Presiding Judge.

The defendant Groat was originally charged in the Superior Court of Lake County with three counts of unlawful dealing in a controlled substance. A plea bargain was reached between the defendant and the state and was accepted by the court. *See* IC 35–5–6–1 et seq. Pursuant to the agreement Groat pleaded guilty to count II of the information and the state agreed to decline to prosecute counts I and III. The parties also agreed that the state would "recommend that the Court sentence the Defendant to a period of confinement not to exceed six (6) years." The court sentenced Groat to serve six years in prison and granted the state's motion to nolle the other two counts.

Some ten months later the court granted Groat shock probation, suspending the remainder of his sentence and placing him on probation for three (3) years on the condition that he spend weekends and off days in the Lake County Jail. The state responded

by instituting the present case charging the two counts of unlawful dealing which had been previously dismissed. The court sustained Groat's motion to dismiss and this appeal by the state followed.

At least since the time we formally recognized the adoption of the plea bargaining process through the adoption of IC 35–5–6–1 et seq., a plea bargain is enforceable where it is fairly reached between the state and a defendant and approved by the court. *Cf. Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; *Spalding v. State* (1975), 165 Ind.App. 64, 330 N.E.2d 774. The state acknowledges as much.

It asserts that it was entitled to reinstitute the charges because the court and Groat breached the plea agreement when the court granted shock probation. In support the state advances the bald and amazing assertion that there was a stipulation that Groat serve six years in confinement.

Judge Shields has already stressed the responsibility of the parties to understand the scope and depth of a plea agreement and the need for precision in its recordation. *Hewitt v. State* (1980), Ind.App., 403 N.E.2d 882, n. 5. In the instant appeal no reasonable mind could deduce from an agreement that the state would recommend that Groat be given a sentence *not to exceed* six years, an agreement on Groat's part that he would serve *not less than* six years.

The appeal is denied.

Affirmed.

HOFFMAN and STATON, JJ., concur.