**William Dean RICHARDSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–882A256.**

Court of Appeals of Indiana, Fourth District.

Dec. 13, 1983.

⊙➡52.10(2)

Max Cohen, David Capp, Cohen & Thiros, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

After a jury trial, William D. Richardson was convicted of Conspiracy, a Class B felony, under Ind.Code 35–41–5–2. This conviction arose from Richardson's arrangement to sell L.S.D., a schedule I controlled substance, to undercover officers through an intermediary, in contravention of Ind. Code 35–48–4–2. Richardson appeals, raising several issues. Because we find that the court erroneously denied Richardson's motion to dismiss, however, we need address only that issue.

We reverse.

The facts relevant to this appeal are as follows. In April 1980, police undercover agents several times purchased L.S.D. from Jerry Allsbury in Porter County, Indiana. These drugs had been supplied to Allsbury by Richardson. On April 28, 1980, the officers bought 300 doses of L.S.D. from Allsbury in Porter County, then asked to meet his supplier in order to make a larger purchase. Allsbury told Richardson of this request, and Richardson agreed to meet one of the agents at his house, in Lake County. Allsbury relayed this information to the agents later that day and set up a time for the meeting with Richardson. He then drove the agents to Richardson's house, where one of them bought 700 doses of L.S.D. As a result of this sale, Richardson was charged in Lake County with dealing in a controlled substance. Richardson pled guilty to this charge pursuant to a plea agreement and received a suspended ten-year sentence, with the requirement that he spend ten weekends in the Lake County Jail. Dissatisfied with this sentence, the police involved complained to the Porter County Prosecutor. Richardson was then charged in Porter County with conspiracy, based on Allsbury's sale of L.S.D. to the police in Porter County.

Richardson moved to dismiss this prosecution, based on his plea agreement to the Lake County charges of selling L.S.D. The record shows Richardson's attorney met with Lake County's Chief Deputy Prosecutor Andrew Rodovich and Deputy Prosecutor Tracy Page to negotiate Richardson's plea to these charges. Richardson's attorney testified Rodovich agreed that, in return for a guilty plea, the State would remain silent at sentencing and would not file any additional charges against Richardson based on the State's investigation of Richardson to that time. Page testified that Rodovich only agreed to remain silent and not to prosecute Richardson for one other drug sale. Rodovich testified that he did not remember this meeting but that he would generally not agree not to prosecute a defendant for "any other crimes." All these witnesses testified that Rodovich refused to put the plea agreement in writing. Nevertheless, according to Page, Rodovich said that if Richardson's attorney would state the agreement for the record in court, the State would agree on the record.

After these negotiations, Richardson chose to plead guilty to the drug selling charges. Because Page was unavailable, the hearing on Richardson's guilty plea was attended by a deputy prosecutor who was unfamiliar with the case. At this hearing, Richardson's attorney informed the court that, in return for Richardson's guilty plea, the State had promised "not to file any additional charges, based·on any additional information that they may have in their possession at this time, in connection with

any other transactions [Richardson] may have been involved in." The prosecutor at the hearing did not dispute this statement of the plea agreement's terms. Nor did he challenge this statement at the subsequent sentencing hearing. Richardson, at the hearing on his motion to dismiss, testified he understood the agreement to be that no additional charges would be filed. He also testified that he relied on this agreement in changing his plea to guilty.

 The critical issue on this appeal is whether the court in Porter County erred in denying Richardson's motion to dismiss the present conspiracy prosecution, based on the Lake County plea agreement, under Ind.Code 35–3.1–1–10(d) (now codified at Ind.Code 35–34–1–10(d) (1982)):

A defendant who has entered a plea of guilty to one [1] offense may thereafter move to dismiss an indictment or information for a related offense and such motion shall be granted if the plea of guilty was entered on the basis of a plea agreement in which the prosecutor agreed to seek or not to oppose dismissal of other related offenses or not to prosecute other potential related offenses.

Because Richardson had the burden of proving all the facts necessary to support his motion to dismiss, Ind.Code 35–3.1–1–8(f), the denial of his motion was a negative ruling, reversible only if the evidence is without conflict and leads inescapably to the conclusion that Richardson was entitled

to dismissal. *Cf. Dean v. State,* (1982) Ind., 433 N.E.2d 1172, *modified,* 441 N.E.2d 457. Specifically, Richardson was required to prove the conspiracy charged here was a related offense covered by the Lake County plea agreement.[1]

 Richardson does not dispute that there was conflicting evidence as to what promises the Deputy Prosecutor made during negotiations over his plea. Nevertheless, he contends that the undisputed evidence of events at his guilty plea hearing leads inescapably to the conclusion that he was entitled to dismissal. Specifically, he contends that, because the Lake County Prosecutor failed to object to Richardson's attorney's statement of the plea agreement, the State has waived any objection to that statement of the agreement's terms. We agree. Waiver is "the intentional relinquishment of a known right" or "an election to forego some advantage that might otherwise have been insisted upon." *Salem Community School Corp. v. Richman,* (1980) Ind.App., 406 N.E.2d 269, 274. Further, a person's silence may constitute a waiver where the person had a duty to speak. *Grenchik v. State ex rel. Pavlo,* (1978) 175 Ind.App. 604, 373 N.E.2d 189. From these principles stems the rule that a party to a judicial proceeding who sits idly by without objecting to matters he might consider prejudicial waives the right to object at a later time. *See Posey County v. Chamness,* (1982) Ind.App., 438 N.E.2d 1041; *Enderle*

---

1. The term "related offenses" is defined by Ind.Code 35–3.1–1–10(e) (now codified at Ind. Code 35–34–1–10(e)):

For purposes of this section, two [2] or more offenses which are within the jurisdiction of the same court and which could have been joined in one [1] prosecution constitute related offenses.

Here, the Lake Superior Court clearly had subject matter jurisdiction over both this conspiracy and the L.S.D. sale to which Richardson pled guilty. Further, although jurisdiction and venue are distinct legal concepts, we note that this conspiracy prosecution could have been venued in Lake County under Ind.Code 35–1.1–2–5, since overt acts in furtherance of the conspiracy were performed there. Thus, the L.S.D. sale to which Richardson pled guilty and this conspiracy were "within the jurisdiction of

the same court"—the Lake Superior Court. Further, these two offenses could have been joined in one prosecution there under Ind.Code 35–3.1–1–9(a) (now codified at 35–34–1–9(a)):

Two [2] or more offenses can be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) Are of the same or similar character, even if not part of a single scheme or plan; or

(2) Are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Thus, the L.S.D. sale to which Richardson pled guilty and the present conspiracy were "related offenses" within the meaning of Ind.Code 35–3.1–1–10(d).

*v. Sharman,* (1981) Ind.App., 422 N.E.2d 686.

██ In this case, the Lake County Prosecutor waived any objection by standing idly by as Richardson's attorney informed the court of the plea agreement's terms. In reaching this conclusion, we emphasize the importance of an attorney's statement, for the record, of an oral plea agreement's terms. The practice of plea bargaining has become an accepted and important part of our system of criminal justice. *Spalding v. State,* (1975) 165 Ind.App. 64, 330 N.E.2d 774. Failure to reduce an agreement to writing, however, "can lead to misapprehension, mistake, or even calculated misrepresentation." *Id.* at 70, 330 N.E.2d at 778. Thus, in the interests of justice, the terms of such agreements should be placed of record before a sentence is imposed on the one pleading guilty. *Id.* at 71, 330 N.E.2d at 778. It is incumbent on both parties to see that the agreement's terms are recorded accurately. *State v. Groat,* (1980) Ind.App., 412 N.E.2d 323; *Hewitt v. State,* (1980) Ind.App., 403 N.E.2d 882, 884 n. 5.

██ Because the Lake County Prosecutor refused to reduce the plea agreement here to writing, Richardson's attorney was forced to establish the agreement's terms by stating them for the record in open court, as Deputy Prosecutor Rodovich said he should do. This method of settling the terms of an oral plea agreement is precisely what the court recommended in *Spalding, supra.* After this statement, the Deputy Prosecutor had a duty to speak out if he felt the agreement's terms were not being recorded accurately. *See Hewitt, supra.* He did not do so. Thereafter Richardson pled guilty, and the court sentenced him accordingly, all in reliance on this statement of the plea agreement's terms. Under these circumstances, we hold that the State waived the right to contend that the plea agreement was not as Richardson's attorney stated it. To hold otherwise would leave criminal defendants almost powerless to settle the terms of oral plea agreements, opening the door to mistake, misapprehen-

sion, or even calculated misrepresentation in the process of plea bargaining.

Having decided that the plea agreement's terms were conclusively settled by the record of Richardson's guilty plea hearing, we must next determine whether the present conspiracy is one of the offenses that the Lake County Prosecutor agreed not to prosecute. The agreement was that the State would not "file any additional charges, based on any additional information" possessed by the State at the time of the guilty plea "in connection with any other transactions [Richardson] may have been involved in." The record clearly shows the Lake County Prosecutor had a police report at the time of the agreement indicating that Richardson gave 300 doses of L.S.D. to Allsbury, who in turn sold it to the police in Porter County. The State conceded at oral argument that this was sufficient to inform the Lake County Prosecutor that Richardson could be charged with conspiracy. Thus, Richardson presented uncontradicted evidence that the Lake County Prosecutor, in return for Richardson's guilty plea to selling L.S.D., agreed not to prosecute him for this related offense of conspiracy with Allsbury to sell the L.S.D.

The State, however, argues that Richardson was not entitled to dismissal here as a matter of law because a plea agreement by the Lake County Prosecutor should not be binding on the Porter County Prosecutor, who was not a party to it. Alternatively, the State contends that, even if the agreement did bind Porter County, Richardson's remedy is not specific performance—*i.e.,* dismissal of the conspiracy charge—but withdrawal of his guilty plea in Lake County.

██ Both of these contentions are disposed of by Ind.Code 35–3.1–1–10(d), which provides that a defendant who pleads guilty to one offense is entitled to dismissal of a prosecution for a related offense if the guilty plea "was entered on the basis of a plea agreement in which the prosecutor agreed ... not to prosecute other potential related offenses." This section imposes no requirement that the subsequent prosecu-

tion be in the county where the plea agreement was made. Thus, when a prosecutor secures a guilty plea by agreeing not to prosecute one or more related offenses, Ind. Code 35–3.1–1–10(d) requires that the court dismiss any subsequent prosecution for such related offenses, regardless of the county in which it is filed. In this case, uncontroverted evidence submitted by Richardson showed that the present conspiracy charge was a related offense that the Lake County Prosecutor agreed not to prosecute in exchange for Richardson's guilty plea to the Lake County charges. As a matter of law, this evidence entitled Richardson to dismissal of this prosecution for conspiracy under Ind.Code 35–3.1–1–10(d). Thus, the trial court erred in denying Richardson's motion to dismiss on this basis.

The trial court's judgment is accordingly reversed, and this cause is remanded with instructions to enter judgment of dismissal in Richardson's favor.

CONOVER, P.J., and MILLER, J., concur.