Ronald Jeffrey **HARRIS**, Appellant
(Defendant Below)

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 64S00–9404–CR–311.

Supreme Court of Indiana.

Nov. 28, 1994.

John E. Martin, Law Offices of James V. Tsoutsouris, Valparaiso, for appellant.

Pamela F. Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

## DIRECT APPEAL

SULLIVAN, Justice.

We affirm defendant Ronald Jeffrey Harris's sixty-year sentence for felony murder following remand.

Defendant was convicted of felony murder, aiding and inducing or causing murder, and

assisting a criminal. The trial court sentenced defendant to sixty years on the felony murder count and eight years on the assisting a criminal count. The trial court merged the count of aiding and inducing or causing murder into the felony murder conviction. On direct appeal, we affirmed the convictions. *Harris v. State* (1993), Ind., 617 N.E.2d 912, *reh'g denied.* However, we held that the trial court erred in sentencing defendant on both the assisting a criminal and the felony murder charges, and we remanded to the trial court to merge the convictions of felony murder and assisting a criminal. *Id.* at 915, 916.

On remand, the trial court merged the assisting a criminal charge with the felony murder conviction and then found that the original felony murder sentence was appropriate, enhancing the forty-year sentence by twenty years for four aggravating circumstances specifically set forth in the resentencing order. The resentencing order does not set forth any mitigating circumstances. Prior to resentencing, the trial court held a hearing at which counsel for the defendant argued that mitigating circumstances made imposition of the enhanced sentence inappropriate.

Defendant now argues that the sixty-year sentence is improper because the trial court failed to set forth any mitigating circumstances.

The propriety of the defendant's sixty-year sentence for felony murder has already been before this court and considered at length. *Id.* at 916. The issue raised here, if not directly decided by the earlier appeal, was available to the defendant in that appeal. Defendant is therefore precluded from relitigating the issue in that it is either *res judicata* or is waived because it was available to be presented as part of his previous appeal. *Smith v. State* (1993), Ind., 613 N.E.2d 412, 413, *cert. denied,* — U.S. ——, 114 S.Ct. 1634, 128 L.Ed.2d 357 (1994); *Parks v. State* (1991), Ind.App., 573 N.E.2d 906, 908, *trans. denied; State v. Willis* (1990), Ind.App., 552 N.E.2d 512, 516, *trans. denied; DeWeese v.*

*State* (1973), 156 Ind.App. 277, 282–83, 296 N.E.2d 128, 131.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.