Joshua P. SMITH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 79S00–9708–CR–429.

Supreme Court of Indiana.

June 4, 1998.

Marcel Katz, Law Offices of Marcel Katz, Lafayette, for Appellant.

Jeffrey A. Modisett, Attorney General, Kent D. Zepick, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

This direct appeal concerns the re-sentencing of defendant Joshua Smith. In an earlier direct appeal, this Court held that defendant was entitled to a new sentencing order because it was unclear whether he had been

properly sentenced. *Smith v. State*, 675 N.E.2d 693 (Ind.1996). Defendant raises three issues concerning his re-sentencing: 1) whether the trial court improperly enhanced defendant's sentence; 2) whether the trial court impermissibly increased the sentence after a successful appeal; and 3) whether the sentence should be amended because the plea agreement upon which it rests contains an error. We answer each issue in the negative and affirm the trial court.

## FACTS

A full statement of the facts is available in the original direct appeal. *Smith*, 675 N.E.2d at 694. The facts pertinent to this appeal are as follows. Defendant entered into a plea agreement with the State. In exchange for pleading guilty to murder, it was agreed that the trial court would sentence defendant to no more than fifty years executed. After a hearing, the trial court sentenced defendant to sixty years, with fifty years executed, five years on supervised probation, five years on unsupervised probation, and one year of the supervised probation on house arrest. On direct appeal of the original sentence, this Court remanded for a new sentencing order because it was unclear whether the trial court correctly used the forty year presumptive sentence for murder or incorrectly used a fifty year presumptive sentence for murder. *Smith*, 675 N.E.2d at 697. After a new hearing using the correct forty year presumptive sentence, the trial court again enhanced defendant's sentence to sixty years, with fifty years executed, ten years on supervised probation, and one year of the probation on house arrest.

## DISCUSSION

### I.

· Defendant first argues that the trial court improperly enhanced his sentence above the presumptive sentence of forty years. Defendant contends that the trial court considered improper *aggravating factors* in making the sentencing decision and failed to find and

weigh mitigating factors. Defendant also argues that the sentence is manifestly unreasonable considering the nature of the offense and offender.

▄▄▄ ,Sentencing decisions are left to the discretion of the trial court, and we will review sentencing decisions only for an abuse of that discretion. *Smith*, 675 N.E.2d at 697. The trial. court may, within its discretion, increase or decrease a presumptive sentence based upon aggravating and mitigating circumstances. *Id.* One valid aggravating factor is alone enough to enhance a sentence. *Id.* "The trial court is not obligated to explain why it did not find a factor to be significantly mitigating, nor must it weigh a mitigator the way defendant suggests the mitigating factor should be weighed. However, the trial judge 'may not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them.' " *Birdsong v. State*, 685 N.E.2d 42, 47 (Ind.1997) (citations omitted).

In its re-sentencing order, the trial court found and explained the following aggravating factors: (1) the circumstances of the crime, (2) defendant's criminal history, and (3) victim impact evidence.[1] The trial court found and explained the following mitigating factors: (1) defendant's youth and (2) the fact that defendant has "completed two substance abuse courses and one course in anger management at the Indiana Department of Corrections;, and further, defendant is continuing to pursue his education through Grace College and Indiana University." (S.R. at 4.) Finally, the trial court found that the aggravating factors outweighed the mitigating factors and enhanced the presumptive sentence as described above.

▄▄▄ The trial court did not abuse its discretion by enhancing defendant's sentence. In the original direct appeal, this Court found that the circumstances of the crime and defendant's criminal history are proper aggravating factors. *Smith*, 675

---

1. The court also found, as a "negative factor," that defendant has received "six to seven write-ups at the Indiana Department of Corrections which shows that he is not complying with those who have authority over him." (S.R. at 5.)

N.E.2d at 697. Properly explained victim impact evidence is also a valid aggravating factor. *See Davenport v. State,* 689 N.E.2d 1226, 1232–33 (Ind.1997). Thus, the court found three valid aggravators. As was true in the original sentencing, it is also readily apparent that the trial court considered several mitigating factors and identified two of them to be significant mitigating factors.[2] Finally, the court determined that the aggravating factors outweighed the mitigating factors.

Defendant also argues that his sentence is manifestly unreasonable. Under Ind. Appellate Rule 17(B), this Court may only revise a sentence authorized by statute if the sentence "is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B). As we held in the original direct appeal, defendant's sentence is not manifestly unreasonable.

## II.

Defendant next argues that the trial court improperly and vindictively increased his sentence after a successful appeal. Originally, the trial court sentenced defendant in the following manner: a term of sixty years, with fifty years executed, five years on supervised probation, five years on unsupervised probation, and one year of the supervised probation on house arrest. On re-sentencing, the trial court sentenced defendant in the following manner: a term of sixty years, with fifty years executed, ten years on supervised probation, and one year of the supervised probation on house arrest. Defendant argues that the change from five years each of supervised and unsupervised probation to ten years of supervised probation constitutes an increase in sentence and must be vacated on the presumption of vindictiveness.

■ We do not believe that the trial court committed any impropriety in changing the terms of defendant's probation. Assuming, without deciding, that ten years of supervised probation is "greater than" five years each of supervised and unsupervised proba-

tion, we do not agree with defendant that the trial court's decision runs afoul of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce,* the United States Supreme Court held that a trial court can increase a defendant's sentence at re-sentencing if evidence arose, subsequent to the original sentencing, which supports the increase. *Pearce,* 395 U.S. at 723, 89 S.Ct. at 2079–80. To impose such an increase, however, the "reasons for [the courts] doing so must affirmatively appear." *Id.* at 726, 89 S.Ct. at 2081. The reasons must be part of the record and must "be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* In the present case, the trial court made note of the fact that defendant has "received six to seven write-ups at the Indiana Department of Corrections which shows that he is not complying with those who have authority over him." (S.R. at 5.) The granting of probation is a matter of grace and is within the trial court's discretion. *Gilfillen v. State,* 582 N.E.2d 821, 824 (Ind.1991). The trial court was within its discretion to change the terms of the probation given its finding that defendant is having trouble obeying authority.

## III.

■ Defendant's final argument is that the trial court erred in not reforming the plea agreement. The plea agreement stated that, "defendant will receive such sentence as the court deems appropriate after hearing evidence and argument of counsel, except that no more than fifty (50) years shall be ordered executed." (S.R. at 51.) Defendant contends that, until the original sentencing hearing, he was unaware that there were two conflicting statutes concerning the presumptive sentence for murder. When made aware that there were two conflicting statutes, one with a forty year presumptive sentence and one with a fifty year presumptive sentence, defendant argued that the forty year presumptive sentence should apply. On

---

**2.** Defendant argues that the trial court failed to consider his guilty plea, his remorse, and his kind and caring character as significant mitigat-

ing factors. A trial court need not find these to be significant mitigating factors. *See Crawley v. State,* 677 N.E.2d 520, 523 (Ind.1997).

direct appeal, we agreed. *Smith,* 675 N.E.2d at 696. Because it was unclear which presumptive sentence the trial court used, we remanded for a new sentencing order. *Id.* Defendant now argues that the fifty year maximum in the plea agreement rested upon the same confusion. In other words, defendant now claims that he agreed in the plea bargain to have the presumptive sentence be the maximum sentence, and since the presumptive sentence is forty years, the trial court should have reformed the plea agreement so that the maximum executed sentence was forty years.[3] This issue was available to defendant in his original direct appeal, but it went unargued. As such, the issue is waived. *See Harris v. State,* 643 N.E.2d 309, 310 (Ind.1994).

## CONCLUSION

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

3. Defendant's argument is that the State has waived the right to contest defendant's view of the plea agreement. At the re-sentencing hearing, defendant argued that it was his belief the parties had agreed that the maximum sentence would be the presumptive sentence. The prosecutor offered no rebuttal to this argument. Defendant cites to *Richardson v. State,* 456 N.E.2d 1063 (Ind.Ct.App.1983) and argues that, by not objecting to defendant's assertions concerning the plea agreement, the State has waived the issue. Defendant's situation, however, has one key difference from the *Richardson* case. In *Richardson,* there was no written agreement and, after the defendant testified to his belief concerning what the parties had agreed, the State remained mute. *Richardson,* 456 N.E.2d at 1065–66. In the present case, there is a written agreement, signed by both parties, indicating the agreement's terms.