773 N.E.2d 359 (2002)
In the Matter of The PATERNITY OF V.A.M.C., A Child Born Out of Wedlock.
James Moden, III, Appellant-Petitioner,
v.
Rosa Corr, Appellee-Respondent.
No. 71A03-0112-JV-431.
Court of Appeals of Indiana.
August 16, 2002.
Fred R. Hains, Joel Gabrielse, South Bend, IN, Attorneys for Appellant.
Robert J. Palmer, May Oberfell & Lorber, South Bend, IN, Attorney for Appellee.

OPINION ON REHEARING
SHARPNACK, Judge.
In V.A.M.C., we affirmed the portion of the trial court's judgment that granted *360 sole custody of V.A.M.C. to Mother, and we reversed the portion of the trial court's judgment that restricted Father's visitation with V.A.M.C. by prohibiting Father from allowing his fiancée, Rebecca Rohrs, to have contact with V.A.M.C. In re V.A.M.C., 768 N.E.2d 990, 1001-1002 (Ind. Ct.App.2002). We reversed the visitation restriction because "the trial court did not specifically find that V.A.M.C.'s emotional well-being or physical health would be endangered by Rohrs's presence" as is required before imposing a visitation restriction under Ind.Code § 31-14-14-1. Id. at 1001.
Mother filed a petition for rehearing in which she argued, in part, that we erred by reversing the trial court's visitation restriction without remanding to give the trial court the opportunity to enter appropriate findings to support such a restriction. We agree that the trial court should have the opportunity to enter appropriate findings, if in fact the Record could support such findings. See Payne v. State, 531 N.E.2d 216, 218-219 (Ind.Ct.App.1988) (granting rehearing for the limited purpose of remanding to the trial court for specific findings rather than simply reversing the trial court's judgment). Consequently, we grant rehearing for the limited purpose of remanding this cause to the trial court with instructions that on remand the trial court may either: (1) enter an order containing findings sufficient to support a visitation restriction under Ind. Code § 31-14-14-1 based on the evidence already on the Record, or (2) enter an order that does not contain a visitation restriction. In all other respects, we affirm our original opinion.
Instructions on remand modified.
BROOK, C.J. concurs.
FRIEDLANDER, J., would deny rehearing without opinion.